# Exhibit A

# REGISTER OF ACTIONS
## CASE NO. 15-0098-C

| | | |
|---|---|---|
| JORGE CASTANEDA Vs. TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | § § § § § | Case Type: **Injury or Damage - Non Motor Vehicle**<br>Date Filed: **02/23/2015**<br>Location: **County Court at Law #2** |

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **TRAVELERS LLOYDS OF TEXAS INS. CO.-**<br>  CORPORATION SERVICE COMPANY-211<br>  EAST 7TH ST. STE. 620<br>  AUSTIN, TX 78701-3218 | **Edward F. Kaye**<br>*Retained*<br>512-651-7000(W) |
| **Plaintiff** | **CASTANEDA, JORGE**<br>  ERIC DICK-3701 BROOKWOOD DR.<br>  HOUSTON, TX 77092 | **Eric B Dick**<br>*Retained*<br>832-207-2007(W) |

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS |
|---|---|
| 02/23/2015 | **Plaintiffs Original Petition (Open Case)**<br>  *- Expedited Action under TRCP 169* |
| 02/23/2015 | **INFORMATION SHEET**<br>  *CIVIL CASE INFO SHEET* |
| 02/26/2015 | **Citation Issued**<br>  *Travelers Lloyds of Texas Insurance Co; mailed 1st Class Mail to Atty Eric Dick* |
| 03/20/2015 | **Original Answer**<br>  *Defendant's Answer to Plaintiff's Original Petition* |
| 03/20/2015 | **Plaintiff's Motion To Compel**<br>  *Mediation* |
| 03/20/2015 | **Order**<br>  *ORDER FOR MEDIATION* |

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant TRAVELERS LLOYDS OF TEXAS INS. CO.-** | | |
| | Total Financial Assessment | | 2.00 |
| | Total Payments and Credits | | 2.00 |
| | Balance Due as of 03/24/2015 | | 0.00 |
| 03/23/2015 | Transaction Assessment | | 2.00 |
| 03/23/2015 | Texfile Electronic Payment  Receipt # CC-77454 | TRAVELERS LLOYDS OF TEXAS INS. CO.- | (2.00) |
| | | | |
| | **Plaintiff CASTANEDA, JORGE** | | |
| | Total Financial Assessment | | 309.00 |
| | Total Payments and Credits | | 309.00 |
| | Balance Due as of 03/24/2015 | | 0.00 |
| 02/24/2015 | Transaction Assessment | | 307.00 |
| 02/24/2015 | Texfile Electronic Payment  Receipt # CC-76664 | CASTANEDA, JORGE | (307.00) |
| 03/23/2015 | Transaction Assessment | | 2.00 |
| 03/23/2015 | Texfile Electronic Payment  Receipt # CC-77477 | CASTANEDA, JORGE | (2.00) |

NO. ___15-0098-C___

FILED
2/23/2015 4:43:01 PM
Liz Q. Gonzalez
County Clerk
Hays, TX

| | | |
|---|---|---|
| JORGE CASTANEDA<br>Plaintiff | § <br> § <br> § | IN THE COUNTY CIVIL COURT |
| v. | § <br> § | AT LAW NUMBER _____ |
| TRAVELERS LLOYDS OF TEXAS<br>INSURANCE COMPANY<br>Defendant | § <br> § <br> § | <br><br>HAYS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## EXPEDITED ACTION UNDER TRCP 169

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JORGE CASTANEDA (herein "Plaintiff"), who files this, its Original Petition and Requests for Disclosure, against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.

### Preliminary Information and Definitions

1. Insured:          JORGE CASTANEDA (herein "Plaintiff")

   Policy Number:     0FV812-932474753-621-1 (herein "Policy")

   Claim Number:      HMJ9642 (herein "Claim" or "Claim Number")

   Date of Loss:      6/12/2014 (herein "Date of Loss")

   Insured Property:  164 STACEY ANN COVE; DRIPPING SPRING, TX 78620

                      (herein "Property" or "Insured Property")

   Insurer:           TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY (herein
                      "Defendant")

                      Defendant's attorney for service is:

                      CORPORATION SERVICE COMPANY

                      211 EAST 7TH STREET, SUITE 620; AUSTIN, TX 78701-3218

## II.

### Discovery Control Plan

2.  Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

## III.

### Request for Expedited Trial Date

3.  Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

## IV.

### Parties

4.  Plaintiff is an individual who resides in Texas.

5.  Defendant is a Texas "Domestic" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

## V.

### Jurisdiction

6.  The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks only monetary relief less than $100,000 or less, including damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

7.  The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## VI.

### Venue

8.  Venue is proper in HAYS County, Texas because the insured property is situated in HAYS County, Texas

and/or the contract was signed in HAYS County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032

## VII.

### Facts

9.  Plaintiff was the owner of the Policy issued by Defendant.  Plaintiff owns the insured property.

10. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue, and suffered additional living expenses.

11. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

12. Defendant assigned a Claim Number to Plaintiff's claim.

13. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

14. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

15. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy.  Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.  Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

16. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

17. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

18. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

19. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

20. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

21. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.055.

22. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt*

*Payment of Claims Act.* TEX. INS. CODE § 542.056.

23. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.055.

24. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

25. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

26. Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VIII.

### Causes of Action:

27. Plaintiff incorporates Paragraphs 1 to 26 by reference.

### COUNT 1:

### Breach and Anticipatory Breach of Contract

28. Defendant 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff.  Plaintiff anticipates that Defendant will continue in such breaches of contract.

29. Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff.  Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

30. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

31. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

32. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

33. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

34. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

35. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

36. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

37. Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

38. Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

### Breach of the Duty of Good Faith and Fair Dealing

39. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts. See: *TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY v. Nicolau,* 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.

40. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's

claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

## COUNT 3:

### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

41. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

42. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

43. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c. Advertising goods or services with intent not to sell them as advertised;

d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

e. Representing that an agreement confers or involves rights, remedies, or obligations which it does

not have or involve, or which are prohibited by law;

f.     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

g.     Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h.     Engaging in an unconscionable course of conduct.

### COUNT 4:

### Violations of Texas Prompt Payment of Claims Act:

### Texas Insurance Code, Chapter 542:

### Strict Liability with No Good Faith Exception

44. Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

45. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

46. As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

a.     Acknowledge the claim. Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern*

---

[1] TEX. INS. CODE § 542.055(a)

*Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

b.      Record the acknowledgement. Defendant failed to make a record of the date, means, and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

c.      Commence the investigation. Defendant failed to make commence a reasonable investigation of the claim. TEX. INS. CODE § 542.055(a)(2); and/or

d.      Request information from the claimant. Defendant failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff. TEX. INS. CODE § 542.055(a)(3).

47. As described above, Defendant failed to perform one or more of the following duties after Defendant received all items, statements, and forms reasonable required by the Plaintiff:

a.      Accept of reject the claim. Defendant failed to notify Plaintiff by the 15th "business day" that Defendant either accepts or rejects the claim.[23] TEX. INS. CODE § 542.056(d);

b.      State reasons for any rejection. Defendant failed to notify Plaintiff of any reasons for denying such claim. TEX. INS. CODE § 542.056(c);

c.      Ask for more time and tell why it is needed. Defendant failed to notify Plaintiff it needed more time and the reasons for seeking more time. TEX. INS. CODE § 542.056(d);

d.      Pay the claim after accepting. Defendant failed to pay the claim within five "business days" or twenty days if Defendant is a surplus lines insurer. TEX. INS. CODE § 542.057(a),(c);

e.      Pay the claim after the claimant performs any condition. If Defendant sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant is a

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension. TEX. INS. CODE § 542.056(d)

surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f.    Pay the claim within 60 days after receipt of information. Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff. TEX. INS. CODE § 542.058(a).

## COUNT 5:

### Unfair Insurance Practices:

### Texas Insurance Code, Chapter 541

48. Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

49. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a.    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

    i.    with respect to which the Defendant's liability has become reasonably clear; or

    ii.    a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.    failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

d.    failing within a reasonable time to:

---

[4] TEX. INS. CODE § 541.060

    i.      affirm or deny coverage of a claim to Plaintiff;

    ii.     submit a reservation of rights to a Plaintiff;

e.    refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f.    undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

g.    requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

50. Defendant may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

a.    misrepresentations and false advertising of policy contracts;

b.    false information and advertising generally;

c.    defamation of insurers or persons engaged in the business of insurance;

d.    boycott, coercion, and intimidation in the business of insurance;

e.    false financial statements;

f.    stock operations and advisory board contracts;

g.    unfair discrimination;

---

[5] TEX. INS. CODE § 541.151

    h.      rebates;

    i.      deceptive names, words, symbols, devises, and slogans; and/or

    j.      misrepresentation of the insurance policies;

51. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

    a.      making an untrue statement of material fact;

    b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.      making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

    d.      making a material misstatement of law; and/or

    e.      failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

## COUNT 6:

### Fraud

52. Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, have been injured.

53. Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of this

subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

54. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

### COUNT 7:

### Ongoing Conspiracy to Commit Illegal Acts

55. Defendant was a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff. Defendant, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

56. Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

57. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such

---

[6] TEX. INS. CODE § 541.061

fraudulent conduct thereby causing Plaintiff to suffer injury.

## IX.

## Damages and Prayer

58. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

a. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees. See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.) For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages. See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d. For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled. See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex.

App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated. Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer. Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied). Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.   For breach of the common law duty of good faith and fair dwelling, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury. See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.   For fraud, Plaintiff seeks damages for breach of contract. *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e). Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury. TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g.   For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h.   Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney

fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $450 an hour. See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

i.    Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## X.

### JURY DEMAND

59. Plaintiff respectfully demands a trial by jury and remits such fee.

## XI.

### PLAINTIFF MAKES 194 REQUESTS TO DEFENDANT

60. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
ebdick@gmail.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## EXHIBIT "A"
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## INTERROGATORIES

1. Please identify any person you expect to call to testify at the time of trial.

ANSWER:

2. Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage during the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

3. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

4. Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

ANSWER:

5. State the following concerning notice of claim and timing of payment:
a. The date and manner in which you received notice of the claim
b. The date and manner in which you acknowledged receipt of the claim
c. The date and manner in which you commenced investigation of the claim
d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant

e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

6. Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

ANSWER:

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

8. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of The claim subject of this suit.

ANSWER:

9. When was the date you anticipated litigation?

ANSWER:

10. From September 1, 2008 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

ANSWER:

11. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

ANSWER:

12. Do you contend that the insured premises was damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

ANSWER:

13. Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

ANSWER:

14. Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

ANSWER:

15. How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:
a. what performance measures are used
b. describe your bonus or incentive plan for adjusters

ANSWER:

16. For each of the past five years, state the number of policyholders that received benefits from DEFENDANT pursuant to policies such as the one issued to plaintiff, the average length of time that benefits were received, and the actual length of time the benefits were received.

ANSWER:

### EXHIBIT "B"
### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of The claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## REQUEST FOR PRODUCTION OF DOCUMENTS

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last five years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. The adjusting reports, estimates, and appraisals prepared concerning Plaintiff's underlying claim

RESPONSE:

7. The engineering reports, estimates, and appraisals prepared concerning Plaintiff's underlying claim

RESPONSE:

8. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

9. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

10. The documents reflecting reserves applied to the subject claim.

RESPONSE:

11. For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

12. For the last five years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

13. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

14. For the last five yours, your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors.

RESPONSE:

15. Produce the following documents and tangible things which relate to the Policy, insurance claims, property damage, or repairs made the subject matter of this lawsuit:

     A.     All communications between you and any third-party;

B.     All communications (including but not limited to e-mail, correspondence and facsimiles) between you and the insurance agent of the policy subject to this lawsuit;

C.     All documentation (including diaries, notebooks, and memos) of conversations from the Defendant, its agents, adjusters, independent adjusters, investigators, engineers, or attorneys;

D.     All photographs, electronic recordings, or videotape recordings of the Defendant, its adjusters, independent adjusters, investigators, engineers, or attorneys;

E.     All written statements of the Defendant, its adjusters, independent adjusters, investigators, engineers or attorneys;

F.     All written agreements between you and any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

G.     All communications between you and any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

H.     All reports provided to you by any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

I.     All estimates, bids, invoices, billing statements, and payment records (including canceled checks) for goods or services provided to you by any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

J.     All contract documents, estimates and bid proposals, plans and specifications, and change orders, relating to construction, repair, replacement or maintenance of the property damage made the basis of this lawsuit;

K.     All photographs or videotapes of the Dwelling, grounds, units, Personal Property, surrounding area, or other any other structures which may be used at trial.

L.     All documents which you contend you provided to Plaintiff or its adjusters during the insurance claim process.

M.     All Personal Property inventories, and all receipts, invoices, photos, and other records that describe the damaged Personal Property or its condition, value or replacement cost.

RESPONSE:

## EXHIBIT "C"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

### I.
### DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.     PLAINTIFF received a copy of DEFENDANT's estimate of damage from the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

2.     PLAINTIFF received DEFENDANT's payment of policy benefit for the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

3.     PLAINTIFF has communicated with DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

4.     PLAINTIFF has communicated with any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

5.     PLAINTIFF contacted DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

6.     PLAINTIFF contacted any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

7.     DEFENDANT denied PLAINTIFF'S claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

8.     PLAINTIFF was insured by DEFENDANT during the date of loss for PLAINTIFF'S claim subject to this lawsuit.

ANSWER:

9.     DEFENDANT paid a portion of PLAINTIFF'S claim subject to this lawsuit.

ANSWER:

**EXHIBIT "D"**
**PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO**
**§ 541.161 OF THE TEXAS INSURANCE CODE AND**
**§ 17.5051 OF TEXAS BUSINESS AND COMMERCE CODE**
**AND BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION**

This Motion to Compel Mediation is brought in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code by Plaintiff. In support, they show:

**I.**
**SUMMARY OF THE CASE**

1.    This is a lawsuit regarding damage to an insured property.

2.    Pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

**II.**
**ISSUE PRESENTED**

3.    At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

**III.**
**MOTION TO COMPEL MEDIATION**

4.    To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.    Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.    Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the Federal Rules. Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code § 541.161 and Tex. Bus. & Com. Code § 17.5051, paid in advance directly to the mediator, and taxed as costs.

7.      Plaintiff prays that the Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code.

## IV.
## BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

8.      § 541.161(a)&(b) of the Texas Insurance Code and § 17.5051(a)&(b) of Texas Business and Commerce Code states:

> A party may, not later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section. **The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.      § 541.161(c)&(d) of the Texas Insurance Code and § 17.5051(c)&(d) of Texas Business and Commerce Code states:

> The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed, unless:
>
> (1) the parties agree otherwise; or
>
> (2) the court determines that additional time not to exceed 30 days is warranted.

10.     Plaintiff has filed a pleading for relief under § 541 of the Texas Insurance Code and/or § 17 of Texas Business and Commerce Code that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

## V.
## PRAYER

11.     For these reasons Plaintiff prays that this court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully submitted,

DICK LAW FIRM, PLLC

By:_____

Eric Dick, LL.M.
TBN: 24064316
FIN: 1082959
4325 Tulsa Road
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**EXHIBIT "D-1"**
**TEXAS INSURANCE CODE § 541.161**

§ 541.161. MEDIATION.  (a) A party may, not later than the

90th day after the date a pleading seeking relief under this

subchapter is served, file a motion to compel mediation of the

dispute in the manner provided by this section.

(b)  The court shall, not later than the 30th day after the

date a motion under this section is filed, sign an order setting the

time and place of the mediation.

(c)  The court shall appoint a mediator if the parties do not

agree on a mediator.

(d)  The mediation must be held not later than the 30th day

after the date the order is signed, unless:

(1) the parties agree otherwise;  or

(2)  the court determines that additional time not to

exceed 30 days is warranted.

(e)  Each party who has appeared in the action, except as

agreed to by all parties who have appeared, shall:

(1)  participate in the mediation;  and

(2)  except as provided by Subsection (f), share the

mediation fee.

(f)  A party may not compel mediation under this section if

the amount of actual damages claimed is less than $15,000 unless the

party seeking to compel mediation agrees to pay the costs of the

mediation.

(g)  Except as provided by this section, the following apply

to the appointment of a mediator and the mediation process provided
by this section:

        (1)   Section 154.023, Civil Practice and Remedies Code;
and

        (2)   Subchapters C and D, Chapter 154, Civil Practice
and Remedies Code.


     Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005

**EXHIBIT "D-2"**
**TEXAS BUSINESS AND COMMERCE CODE § 17.5051**

Sec. 17.5051.  MEDIATION.  (a)  A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)  The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)  If the parties do not agree on a mediator, the court shall appoint the mediator.

(d)  Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e)  Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f)  A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)  Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, apply to the appointment of a mediator and to the mediation process provided by this section.

(h)  This section does not apply to an action brought by the attorney general under Section 17.47.

Added by Acts 1995, 74th Leg., ch. 414, Sec. 7, eff. Sept. 1, 1995.

**EXHIBIT "E"**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are not retained:

1. GERARD J. DUHON, PE
   Phone # 281-788-7393
   Fax # 281-404-9961
   www.texashomeengineer.com
   *Engineer*

2. RAY CHOATE
   1002 LARIAT CIRCLE;
   OAKLEAF, TX 75154
   *Public Adjuster*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, cause, and value of Plaintiff's property and similar property. They may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim. Said experts will base opinions on their respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.

1. ERIC DICK, LLM
   DICK LAW FIRM, PLLC
   4325 Tulsa Road
   Houston, Texas 77092
   Phone # 832-207-2007
   Fax # 713-893-6931
   www.dicklawfirm.com

Mr. Dick may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |

Degree:                Masters of Laws and Letters

Notable information: Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
Texas Bar #24064316
Dick Law Firm
4325 Tulsa Road
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 893-6931 Facsimile

CIVIL CASE INFORMATION SHEET

FILED
2/23/2015 4:43:01 PM
Liz Q. Gonzalez
County Clerk
Hays, TX

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **15-0098-C**

COURT *(FOR CLERK USE ONLY)*: _____

STYLED   JORGE CASTANEDA VS. TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: ERIC B. DICK<br>DICK LAW FIRM,<br>ATTORNEY<br><br>Email:<br>dickdidit911@gmail.com<br><br>Address:<br>3701 BROOKWOODS DR.<br><br>City/State/Zip:<br>HOUSTON, TX 77092<br><br>Signature:<br><br>Telephone:<br>(832) 207-2007<br><br>Fax:<br>(713) 893-6931<br><br>State Bar No:<br>24064316 | Plaintiff(s)/Petitioner(s):<br>JORGE CASTANEDA<br><br><br>Defendant(s)/Respondent(s):<br>TRAVELERS LLOYDS OF<br>TEXAS INSURANCE<br>COMPANY<br><br>[Attach additional page as necessary to list all parties] | ■Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>■Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
■Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

## CIVIL CITATION

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **CAUSE NO. 15-0098-C** |
| | § | |
| **COUNTY OF HAYS** | § | **COUNTY COURT AT LAW** |

JORGE CASTANEDA, Plaintiff
VS.
**TRAVELERS LLOYDS OF TEXAS INS. CO., Defendant**

**TO DEFENDANT(S):**

TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY
c/o CORPORATION SERVICE
COMPANY-211 EAST 7TH ST STE 620
AUSTIN TX 78701-3218

**YOU HAVE BEEN SUED.** You may employ an Attorney. If you or your Attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

Attached hereto is a copy of the Plaintiffs Original Petition Expediated Action Under TRCP 169(Open Case) which was filed by the **PLAINTIFF** in the above styled and numbered cause on  02/23/2015,  in the County Court at Law of Hays County, 712 S. Stagecoach Trail, San Marcos, Texas 78666.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT** at my office in San Marcos, Texas, **on this the 26th day of February 2015.**

LIZ Q. GONZALEZ, CLERK OF THE COUNTY
COURT, HAYS COUNTY, TEXAS

BY_____
Janie Flores, DEPUTY

Plaintiff's Attorney:Eric B Dick, Dick Law Firm PLLC
3701 Brookwoods Drive - Houston TX 77092, 832-207-2007
*************************************************************************************************************

### OFFICER'S RETURN

Came to hand the _____ day of _____, 2015, at _____ o'clock, ___.M. and executed at _____ within the County of _____, Texas on the _____ day of _____, 2015, at _____ o'clock ___.M. by delivering to the within named _____In person a true copy of this citation together with the accompanying pleading, having first attached a copy of such citation to such copy of the pleading and endorsed on such copy a citation the date of delivery.

Fee for Service: $_____

_____
Constable Precinct ____ Hays County, Texas

By_____
Deputy



CERTIFIED MAIL

7013 2630 0001 8425 3324

USPS FIRST CLASS MAIL®

$8.45
US POSTAGE    FIRST-CLASS MAIL

stamps
com

0525000330228
FROM 77092
03/02/2015

ERIC DICK
3701 BROOKWOODS DR
HOUSTON, TX 77092

SHIP
TO:

TRAVELERS LLOYDS OF TEXAS INS. CO.
CORPORATION SERVICE COMPANY
211 EAST 7TH ST. STE 620
AUSTIN TX 78701-3218

**TIM MULLINAX, PRIVATE PROCESS SERVER**
**P.O. BOX 920569**
**HOUSTON, TEXAS 77292-0569**
**(713) 815-1054**


**DATE:**      **MARCH 2, 2015**


**TO:**        **TRAVELERS LLOYDS OF TEXAS INS. CO.**
             **C/O CORPORATION SERVICE CO.**
             **211 EAST 7TH ST. STE 620**
             **AUSTIN TEXAS 78701-3218**


**RE:  CITATION ISSUED BY      DICK LAW FIRM, ERIC B. DICK, ATTORNEY AT LAW**


**Please find enclosed attached CITATION executed by CERTIFIED MAIL**

**CERTIFIED MAIL RECEIPT #      7013 2630 0001 8425 3324**
**Tim Mullinax,**
**Process Server #9993**
**Expiration 10/31/2015**

FILED
3/20/2015 4:07:38 PM
Liz Q. Gonzalez
County Clerk
Hays, TX

## CAUSE NO. 15-0098-C

| | | |
|---|---|---|
| JORGE CASTANEDA,<br>Plaintiff, | § | IN THE COUNTY CIVIL COURT |
| | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | HAYS COUNTY, TEXAS |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Travelers Lloyds of Texas Insurance Company, and files this its Answer to Plaintiff's Original Petition:

### GENERAL DENIAL

1.      Defendant hereby raises a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and denies each and every, all and singular, allegations contained in Plaintiff's Original Petition and demand that Plaintiff prove the truth of his allegations by a preponderance of the believable evidence.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon final hearing hereof, Plaintiff take nothing by reason of this action.

Respectfully submitted,

SKELTON & WOODY
248 Addie Roy Road, Suite B-302
Austin, Texas 78746
Telephone:     (512) 651-7000
Facsimile:      (512) 651-7001

By:        *Eddie Kaye*

J. Hampton Skelton
State Bar No. 18457700
hskelton@skeltonwoody.com
Edward F. Kaye
State Bar No. 24012942
ekaye@skeltonwoody.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of March, 2015, a true and correct copy of the above and foregoing document was served, via facsimile, on the following counsel of record:

Eric B. Dick, LL.M.
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
Fax: (713) 893-6931

*Eddie Kaye*

Edward F. Kaye

FILED
3/20/2015 5:30:00 PM
County Clerk
Hays, TX
Liz Q. Gonzalez

CAUSE NO. **15-0098-C**

| | | |
|---|---|---|
| **JORGE CASTANEDA** | § | **IN THE COUNTY CIVIL COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER TWO** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant* | § | **HAYS COUNTY, TEXAS** |

**PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO**
**§ 541.161 OF THE TEXAS INSURANCE CODE AND**
**§ 17.5051 OF TEXAS BUSINESS AND COMMERCE CODE**
**AND BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION**

TO THE HONORABLE JUDGE OF SAID COURT:

This Motion to Compel Mediation is brought in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code by Plaintiff. In support, they show:

**I.**
**SUMMARY OF THE CASE**

1.     This is a lawsuit regarding damage to an insured property.

2.     Pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code, Plaintiff asks this court to compel a mediation in an attempt to timely resolve this dispute.

**II.**
**ISSUE PRESENTED**

3.     At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

**III.**
**MOTION TO COMPEL MEDIATION**

4.     To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.     Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.     Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the Texas Rules.  Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code § 541.161 and Tex. Bus. & Com. Code § 17.5051, paid in advance directly to the mediator, and taxed as costs.

7.     Plaintiff prays that the Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code.

## IV.
## BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

8.     § 541.161(a)&(b) of the Texas Insurance Code and § 17.5051(a)&(b) of Texas Business and Commerce Code states:

> A party may, not later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section. **The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.     § 541.161(c)&(d) of the Texas Insurance Code and § 17.5051(c)&(d) of Texas Business and Commerce Code states:

> The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed, unless:
>
> (1) the parties agree otherwise;  or
>
> (2) the court determines that additional time not to exceed 30 days is warranted.

10.     Plaintiff has filed a pleading for relief under § 541 of the Texas Insurance Code and/or § 17 of Texas Business and Commerce Code that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

## V.
## PRAYER

11.     For these reasons Plaintiff prays that this court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully submitted,

DICK LAW FIRM, PLLC

By:_____

       Eric Dick, LL.M.
       TBN: 24064316
       FIN: 1082959
       **DICK LAW FIRM, PLLC**
       3701 Brookwoods Dr
       Houston, Texas 77092
       (832) 207-2007 Telephone
       (713) 498-7969 Cellular
       (713) 893-6931 Facsimile
       eric@dicklawfirm.com
       **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above was served to parties of record in a method appropriate under Texas Rules of Civil Procedure.

Signed on March 20, 2015

_____
Eric Dick
Texas Bar #24064316

**EXHIBIT "A"**
**TEXAS INSURANCE CODE § 541.161**

§ 541.161. MEDIATION.  (a) A party may, not later than the 90th day after the date a pleading seeking relief under this subchapter is served, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)  The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)  The court shall appoint a mediator if the parties do not agree on a mediator.

(d)  The mediation must be held not later than the 30th day after the date the order is signed, unless:

(1)  the parties agree otherwise;  or

(2)  the court determines that additional time not to exceed 30 days is warranted.

(e)  Each party who has appeared in the action, except as agreed to by all parties who have appeared, shall:

(1)  participate in the mediation;  and

(2)  except as provided by Subsection (f), share the mediation fee.

(f)  A party may not compel mediation under this section if the amount of actual damages claimed is less than $15,000 unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)  Except as provided by this section, the following apply

to the appointment of a mediator and the mediation process provided
by this section:

      (1)   Section 154.023, Civil Practice and Remedies Code;
and

      (2)   Subchapters C and D, Chapter 154, Civil Practice
and Remedies Code.


      Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005

## EXHIBIT "B"
## TEXAS BUSINESS AND COMMERCE CODE § 17.5051

Sec. 17.5051.  MEDIATION.  (a)  A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)  The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)  If the parties do not agree on a mediator, the court shall appoint the mediator.

(d)  Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e)  Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f)  A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)  Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, apply to the appointment of a mediator and to the mediation process provided by this section.

(h)  This section does not apply to an action brought by the attorney general under Section 17.47.

Added by Acts 1995, 74th Leg., ch. 414, Sec. 7, eff. Sept. 1, 1995.

CAUSE NO. <u>15-0098-C</u>

| | | |
|---|---|---|
| **JORGE CASTANEDA** | § | **IN THE COUNTY CIVIL COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER TWO** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant* | § | **HAYS COUNTY, TEXAS** |

<u>Order for Mediation</u>
<u>Pursuant to § 541.161 of the Tex. Ins. Code and § 17.5051 of Tex. Bus. & Com. Code</u>

This case is referred to mediation in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code. _____ is appointed mediator in this case, and all counsel are ordered to contact the mediator to arrange the logistics of mediation within 10 days. The mediator's address and telephone number are:

_____

_____

_____

This mediation is a mandatory settlement conference, conducted with the assistance of the mediator. A mediated settlement agreement can be made binding on the written agreement of the parties. Mediation is private, confidential, and privileged, except as provided by applicable law. After mediation, the Court will be advised by the mediator, the parties, and counsel only that the case did or did not settle. The mediator shall not be a witness, and the mediator's records may not be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session on any person entering, leaving, or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties, which shall be divided and borne equally by the parties unless agreed otherwise, paid in advance by the parties directly to the mediator, and taxed as costs. If the parties do not agree on the fee requested by the mediator, the mediator is ORDERED to supply the Court with all information requested for compliance with Texas Supreme Court Miscellaneous Docket Order No. 94-9014, and the Court will set a reasonable fee, which shall be taxed as costs. Each party and counsel will be bound by any rules furnished by the mediator and shall complete and supply all information requested by the mediator.

IT IS ORDERED that all named parties shall be present with unlimited settlement authority during the entire mediation process. Counsel and parties are ORDERED to proceed in a good-faith effort to try to resolve this case and shall agree on a mediation date within the next 10 days. If no agreed date can be scheduled within the next 10 days, the mediator shall select a date for the mediation and all parties are

ORDERED to appear as directed by the mediator. Any date so scheduled by the mediator is incorporated in this Order as the date on which the mediation shall occur. In any event, the mediation shall be conducted no later than 30 days from this order.  See Tex. Ins. Code § 541.161(d) and Tex. Bus. & Com. Code § 17.5051(d).

A violation of this Order shall be punished by contempt of Court, which is punishable by confinement in Jail for up to six (6) months and a fine of up to $500.00.

Referral to mediation is not a substitute for trial, and the case will be tried if not settled.

SIGNED on _____.


_____
JUDGE PRESIDING