IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JORGE CASTANEDA, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | A-15-CV-00259-LY-ML |
| INSURANCE COMPANY, | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are the Notice of Removal [Dkt. #1] filed by Defendant, Travelers Lloyds of Texas Insurance Company ("Travelers" or "Defendant), the Motion to Remand [Dkt. #4] filed by Plaintiff, Jorge Castaneda ("Castaneda" or "Plaintiff"), and the Response in Opposition [Dkt. #5] filed by Defendant.

The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

I. BACKGROUND

On February 23, 2015, Castaneda sued Travelers in Texas state court, alleging breach of contract, fraud, and violations of various Texas statutes relating to insurance claims handling and consumer protection. Notice of Removal [Dkt. #1], Exhibit A. Travelers was served with

process on March 6, 2015. *Id.* at ¶ 2. On April 6, 2015, Travelers timely removed the case to this court, alleging subject matter jurisdiction based on diversity of citizenship. *Id.*; *see also* 28 U.S.C. § 1446(b); 28 U.S.C. § 1332(a).

In its Notice of Removal, Travelers asserted its members are all citizens of the State of Connecticut. *Id.* at ¶ 4; *see Royal Ins. Co. v. Quinn-L Capital Corp*., 3 F.3d 877, 882-883 (5th Cir. 1993) (the citizenship of an unincorporated association, such as a Lloyds plan, is determined by the citizenship of its members.) Castaneda is a citizen of Texas. Notice of Removal [Dkt. #1] at ¶ 3. Travelers further asserted the amount in controversy exceeds $75,000, exclusive of interests and costs. *Id.* at ¶¶ 5, 6. In support of this allegation, Travelers cited language in Plaintiff's Original Petition invoking Texas Rule of Civil Procedure 169, which provides expedited procedures for "suits in which all claimants . . . affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *Id.* at ¶ 5. Travelers contends this language "support[s] the award of $100,000 in damages." *Id.*

Plaintiff seeks to remand on the basis that Travelers has failed to establish the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a). Mot. Remand [Dkt. #4] at ¶8. Travelers has responded by pointing out that Plaintiff has requested treble damages and punitive exemplary damages. Resp. [Dkt. #5] at ¶ 4 (citing Pf's Orig. Pet. at ¶¶ 58c, 58e, 58f). Plaintiff's Original Petition also seeks attorneys' fees at $450 per hour. *Id.* (citing Pf's Orig. Pet. at ¶ 58e). Additionally and in the alternative, Travelers has put into evidence a cost of repair estimate produced by the Plaintiff in the amount of $75,576.22. Resp. [Dkt. #5] Ex. A at 10. [1] Plaintiff has

---

[1] Travelers has also provided evidence concerning the conduct of Plaintiff's counsel in an unrelated hail damage case that is allegedly factually similar to this one. Resp. [Dkt. #5] Ex. B, Ex. C. The undersigned does not

provided no reply to Travelers' Response, nor provided any evidence to establish the complaint is for less than $75,000.  *See generally* Mot. Remand [Dkt. #4].

### II. STANDARD OF REVIEW

"Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc*., 319 F.3d 672, 674-675 (5th Cir. 2003).  The amount in controversy should be determined at the time of filing.  *Id.* (citing *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Where, as here, the plaintiff fails to allege a specific amount of damages in the complaint, the burden falls on the party invoking federal jurisdiction to establish the amount in controversy by a preponderance of the evidence.  *White*, 319 F.3d at 674.  The Supreme Court recently clarified that a removing defendant "may simply allege or assert that the jurisdictional threshold has been met" in a Notice of Removal.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ____, 135 S. Ct. 547, 553-54 (2014).  Then, if a plaintiff contests the defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)).

First, the court should examine the allegations in the complaint to determine if it is "facially apparent" that the claims exceed the jurisdictional amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  If it is not facially apparent from the complaint, the court may examine "summary-judgment like evidence relevant to the amount in controversy at

---

consider this evidence relevant to the amount in controversy in *this* case at the time of filing, and therefore finds it is of no weight in the evaluation of Plaintiff's Motion to Remand [Dkt. #4].

the time of removal," and make its determination from that evidence. *Id.* "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

### III. ANALYSIS

In the instant case, Defendant affirmatively alleged the amount in controversy exceeded $75,000 and pointed out that Plaintiff's jurisdictional pleadings asserted damages less than or equal to $100,000. This is enough to satisfy Defendant's initial burden under *Dart Cherokee Basin Operating Co,* ____ U.S. at ____, 135 S. Ct. at 553-54. In response to Plaintiff's Motion to Remand, Defendant pointed to specific claims in the state court petition that make it "facially apparent" the amount in controversy is likely to exceed $75,000: Plaintiff's requests for treble damages, exemplary damages, and attorney's fees at a rate of $450 per hour. These allegations are sufficient to allow the Court to find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Allen*, 63 F.3d at 1335. Additionally and in the alternative, Defendants have produced evidence of an estimate provided by Plaintiff, asserting the damage to his home that should be covered under his insurance policy exceeds $75,000. This estimate is sufficient to establish, by a preponderance of the evidence, that the complaint exceeds the jurisdictional amount. *Id.* Plaintiff has challenged the adequacy of Defendant's Notice of Removal but "has not shown that it is legally certain that his recovery will not exceed the amount stated." *De Aguilar*, 47 F.3d at 1412. Therefore, removal is proper and this court's diversity jurisdiction has been established. *Id.*

### IV. RECOMMENDATIONS

For the reasons outlined above, the undersigned RECOMMENDS Plaintiff's Motion to

Remand [Dkt. #4] be DENIED.

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED June 4, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE